IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **4:12CR3042** |
| vs. | |
| MICHAEL M. RUSSELL, LAURIE L. RUSSELL, | **FINDINGS, RECOMMENDATION AND ORDER** |
| Defendants. | |

The four-count indictment against the defendants alleges they violated 26 U.S.C. § 7202, (Filing No. 1).  The defendants have moved to dismiss the charges, arguing the indictment is fatally defective because it fails to allege the defendants had a duty to pay over employment taxes and knew of this duty.  (Filing No. 21).  For the reasons explained below, the motion to dismiss should be denied.

ANALYSIS

An indictment is sufficient and will not be dismissed if it adequately "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution."  U.S. v. Beasley, 688 F.3d 523, 532 (8th Cir. 2012).  "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."  Id.  An indictment is insufficient if it fails to allege an essential element of the crime charged, but when deciding if an essential element is missing, the "court may not insist that a particular word or phrase appear in the indictment when the element is alleged 'in a form' which substantially states the element."  U.S. v. Jenkins-Watts, 574 F.3d 950, 968 (8th Cir. 2009).

The indictment against defendants Michael and Laurie Russell alleges they failed to pay over employee tax withholdings as required under 26 U.S.C.A. § 7202.  Under 26 U.S.C.A. § 7202:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C.A. § 7202.

The pending indictment alleges that as to each of the four quarters of 2006, the defendants Michael and Laurie Russell:

1) were owners, officers, and operators of North Country Windows Inc.;

2) deducted and collected federal income and FICA[1] taxes from the total taxable wages of North Country employees; and

3) willfully failed to pay over to the Internal Revenue Service the federal income and FICA taxes withheld, due, and owing.

(Filing No. 1).

The defendants claim the indictment is deficient because it does not specifically state the defendants were "required under this title to collect, account for, and pay over any tax imposed. . . ."  26 U.S.C.A. § 7202.   The indictment does not quote the language of the statute, but it does explain the factual basis for alleging the defendants' duty under 26 U.S.C.A. § 7202.  Specifically, the indictment alleges the defendants were "owners, officers, and operators of North Country Windows Inc." who collected and withheld federal income and FICA taxes from their employees' wages and failed to pay

---

[1]Federal Insurance Contributions Act.

2

over the withheld taxes.   26 U.S.C.A. § 7202 is violated if a person required to collect, account for, and pay over employee withholding taxes, collects the taxes but then "'willfully fails' either to 'account for' or to 'pay over' the necessary funds.   U.S. v. Evangelista, 122 F.3d 112, 121 (2d Cir. 1997).  "It is a crime to fail to pay over to the government any money withheld from employees' paychecks under the authority of tax law." (U.S. v. Ellis, 2006 WL 3776379, 4 (S.D. Ind. 2006)), and the mere fact that the indictment does not include a statement that the defendant was a person "required ... to collect, account for, and pay over any tax imposed" does not render the indictment deficient.  U.S. v. Ramirez, 2003 WL 22995118, 1 (W.D. Tex. 2003).  See also, U.S. v. Whatley, 2010 WL 1236401, 1 (D. Utah 2010); and Colosimo v. U.S., 630 F.3d 749, 752-53 (8th Cir. 2011).

Citing Cheek v. U.S., 498 U.S. 192, 201 (1991), the defendants further claim the indictment is defective because it fails to allege the defendants "had actual knowledge of the laws requiring the payment of employment taxes."  (Filing No. 22 at CM/ECF p. 3).  The defendants have "confused what the government is required to plead in the indictment with what the government must prove at trial." U.S. v. Whatley, 2010 WL 1236401, 2 (D.Utah 2010).  Mirroring the language of the statute itself, the indictment alleges defendants Michael and Laurie Russell "willfully" failed to pay over federal taxes withheld from employee wages.  This allegation sufficiently alleges the scienter element of a crime under 26 U.S.C.A. § 7202.  "Neither Cheek nor its progeny . . . impose upon the government any pleading requirement other than merely alleging willfulness." Whatley, 2010 WL 1236401, at 2.

The indictment sufficiently alleges the elements of the crime defined in 26 U.S.C.A. § 7202, notifies the defendants of charges against them, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a later

prosecution.  The indictment is not defective.  The defendants' motion to dismiss should be denied.

IT IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the defendants' motion to dismiss, (filing no. 21), be denied in its entirety.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the trial of this case is set to commence before the Honorable John M. Gerrard, United States District Judge,  in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on February 12, 2013, or as soon thereafter as the case may be called, for a duration of four (4) trial days.  Jury selection will be held at commencement of trial.

January 7, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.