IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3042 |
| vs. | |
| MICHAEL M. RUSSELL, LAURIE L. RUSSELL, | MEMORANDUM AND ORDER |
| Defendants. | |

    This matter is before the Court on the defendants' Motion to Dismiss (filing 21) and the United States Magistrate Judge's Findings, Recommendation and Order (filing 26), recommending that the motion be denied. Defendants have filed an objection (filing 30) to the findings and recommendation.

    Defendants are charged with four counts of failing to pay over withholding and Federal Insurance Contributions Act (FICA) taxes, in violation of 26 U.S.C. § 7202. Filing 1. They argue that the indictment is defective and must be dismissed, because it fails to charge the essential elements of a violation of § 7202. The Court finds that defendants' objection is without merit. The Court adopts the Magistrate Judge's findings and recommendation, and defendants' motion to dismiss will be denied.

    An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendants of the charges against which they must defend, and alleges sufficient information to allow the defendants to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Steffen*, 687 F.3d 1104, 1109 (8th Cir. 2012). An indictment is normally sufficient if its language tracks the statutory language. *Id.* at 1113.

    Defendants are charged with failing to pay over employee tax withholdings, in violation of 26 U.S.C. § 7202. That statute provides that "[a]ny person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall" be guilty of a felony. § 7202. The statute has three essential elements: (1) the defendant had a duty to collect, account for, or pay over the tax at issue; (2) the defendant knew of this duty; and (3) the defendant willfully failed to collect, account for, or pay over the tax. *See,*

*United States v. Evangelista*, 122 F.3d 112, 121 (2d Cir. 1997); *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* § 6.26.7202. In the context of criminal violations of tax laws, "willfulness" has long been interpreted to require the voluntary, intentional violation of a known legal duty. *See, e.g., Cheek v. United States*, 498 U.S. 192, 201 (1991); *United States v. Bishop*, 412 U.S. 346, 360 (1973).

The pending indictment alleges that as to each of the 4 quarters of 2006, the defendants: (1) were owners, officers, and operators of North Country Windows, Inc.; (2) deducted and collected federal income and FICA taxes from the total taxable wages of North Country employees; and (3) willfully failed to pay over to the Internal Revenue Service (IRS), the taxes "withheld, and due and owing" to the United States. Filing 1. Defendants argue that the indictment is defective because it fails to allege that they had a duty to pay over employment taxes and that both defendants knew of that duty. Both arguments are without merit.

The indictment adequately alleged defendants were under a duty to pay over the taxes withheld. Defendants are alleged to have deducted and collected federal income and FICA taxes and then failed to pay over the taxes, which were "withheld, and *due and owing*." Filing 1 (emphasis supplied). Stating that the taxes were "due and owing" is functionally equivalent to stating the defendants had a duty to pay the taxes. The taxes were withheld, and were due to be paid over to the United States. There is no other duty at issue, nor have defendants proposed any other rational interpretation of this language. *Cf. United States v. Ramirez*, 2003 WL 22995118, *1 (W.D. Tex. 2003) (rejecting argument that an indictment alleging violations of § 7202 was deficient because it failed to quote § 7202 and allege defendant was a person "required to collect, account for, and pay over any tax").

The indictment also sufficiently alleged that defendants knew they had a duty to pay over the taxes. The indictment alleged that defendants "willfully" failed to pay over the taxes. In this context, willfulness requires the voluntary, intentional violation of a known legal duty. *Cheek*, 498 U.S. at 201. As defendants' brief makes clear, they are well aware that this is what "willfully" means. Filing 30 at 2–3. The indictment sufficed to give defendants fair notice of the charges they must defend and contained all the essential elements of the offenses charged—greater detail was not necessary. *See United States v. Whatley*, 2010 WL 1236401 (D. Utah 2010) (indictment sufficiently alleged *mens rea* element of § 7202 by using the term "willfully"); *see also United States v. Ware*, 292 Fed. Appx. 845, 849 (11th Cir. 2008) (same for §§ 7201 and 7203); *cf., Steffen*, 687 F.3d at 1113 (an indictment is normally sufficient if its language tracks the statutory language) *United States v. Hovind,* 305 Fed. Appx. 615, 619 (11th Cir. 2008) (government was

- 2 -

not required to include specific statutory authority for defendant's tax liability or to allege facts regarding willfulness). Accordingly,

    IT IS ORDERED:

1. The Court adopts the Findings, Recommendation and Order (filing 26) of the United States Magistrate Judge;

2. The defendants' motion to dismiss the indictment (filing 21) is denied.

Dated this 13th day of February, 2013.

                            BY THE COURT:

                            John M. Gerrard
                            United States District Judge