IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3042 |
| vs. | |
| MICHAEL M. RUSSELL and LAURIE L. RUSSELL, | TENTATIVE FINDINGS |
| Defendants. | |

The Court has received the revised presentence investigation reports (PSRs) in this case. Both defendants have represented that they have no objections to the revised PSRs. Filing 74. The government has filed statements noting several disagreements and disputes with the PSRs, but no actual objections. Filings 75 and 76. Finally, both defendants have filed a motion for a variance. Filing 72.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon defendants the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no objections that require resolution at sentencing. The defendants' motion for variance (filing 72) will be resolved at the sentencing hearing.[1]

3.    Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.    If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

---

[1] The Court notes that at both defendants' change of plea hearings, all parties agreed that the Court could impose restitution of up to $311,486.21, representing the total amount of unpaid taxes owed to the Internal Revenue Service for all four counts alleged in the indictment. Filing 1; filing 67 at 12–13, 16–17; filing 68 at 10, 15; PSR (Michael Russell) at ¶ 96; PSR (Laurie Russell) at ¶ 92. However, the parties' plea agreements, while acknowledging restitution would be ordered, did not clearly stipulate as to the amount that could be ordered, nor whether the Court could order amounts beyond the offense of conviction. Filings 54 at 3; filing 60 at 3; *see United States v. Chalupnik*, 514 F.3d 748, 752 (8th Cir. 2008). Nonetheless, the Court will give effect the parties' understanding of the plea agreements, and the Court tentatively finds that both defendants may be ordered to pay restitution in the amount of $311,486.21.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of July, 2013.

BY THE COURT:

_____
John M. Gerrard
United States District Judge